UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VIRGILIO MELENDEZ,

                       Plaintiff,             **COMPLAINT AND JURY DEMAND**

          -against-             Docket No.:  7:20-cv-09769

SAINT-GOBAIN ABRASIVES, INC., individually and
d/b/a NORTON SAINT-GOBAIN,

                    Defendants.
-------------------------------------------------------------------X

      Plaintiff, VIRGILIO MELENDEZ, by his attorneys, RAS ASSOCIATES, PLLC, complaining of the defendants, SAINT-GOBAIN ABRASIVES, INC. individually and d/b/a NORTON SAINT GOBAIN, respectfully alleges as follows upon information and belief:

<u>JURY DEMAND</u>

1.      Plaintiff demands a trial by jury on all issues.

<u>PARTIES AND JURISDICTION</u>

2.      That at all times hereinafter mentioned, the plaintiff is and was a natural person.

3.      That at all times hereinafter mentioned, the defendant, SAINT-GOBAIN ABRASIVES, INC. is a foreign corporation organized and existing pursuant to the laws of the State of Massachusetts, with its principal place of business at One New Bond Street, 370 Wabasha St North, Worcester, MA 01615.

4.      That at all times hereinafter mentioned, the defendant, SAINT-GOBAIN ABRASIVES, INC. ("NORTON SG") is and was a foreign corporation duly authorized to conduct business activities in the State of New York, and in the County of New York.

1

5.      That this court has jurisdiction over this matter by virtue of the diversity of citizenship of the Plaintiff and NORTON SG, under 28 U.S.C. §1332, as the matter in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

6.      That at all times hereinafter mentioned, the defendant, NORTON SG conducted business under the name "Norton Saint-Gobain," and held itself out to the public as "Norton Saint-Gobain."

7.      That at all times hereinafter mentioned, defendant NORTON SG designed, manufactured, marketed, and distributed certain cutting wheels for mounting and use on electric power tools under the name "Norton Saint-Gobain."

8.      That on or prior to March 3, 2020, the defendant, NORTON SG d/b/a Norton Saint-Gobain designed and/or manufactured, and distributed, cutting wheels under the trade name "Norton Saint-Gobain Metal Right Cut", with UPC Code 0 76607 05251 3 ("Metal Right Cut Wheel").

9.      That on or prior to March 3, 2020, the defendant, NORTON SG d/b/a Norton Saint Gobain, placed the aforesaid Metal Right Cut Wheel into the stream of interstate commerce.

10.      That at all relevant times herein, NORTON SG d/b/a Norton Saint-Gobain sold the aforesaid Metal Right Cut Wheel, to be used for consumer and commercial use, in interstate commerce.

11.      That at all relevant times herein, NORTON SG d/b/a Norton Saint-Gobain conducted substantial business activities in the State of New York.

12.      That at all relevant times herein, NORTON SG d/b/a NORTON SAINT GOBAIN derived substantial revenues from business activities in the State of New York.

13.      That at all times relevant herein, NORTON SG d/b/a NORTON SAINT GOBAIN had customers in the State of New York.

14.    That at all times relevant herein, NORTON SG d/b/a NORTON SAINT GOBAIN solicited customers in the State of New York.

15.    That at all relevant times herein, NORTON SG d/b/a Norton Saint-Gobain sold the aforesaid Metal Right Cut Wheel directly to customers in the State of New York.

16.    That at all times relevant herein, NORTON SG d/b/a NORTON SAINT GOBAIN solicited dealers to distribute and sell its products to customers in the State of New York.

17.    That at all times relevant herein, NORTON SG d/b/a Norton Saint-Gobain advertised its products in the State of New York.

18.    That on and prior to March 3, 2020, NORTON SG d/b/a Norton Saint-Gobain conducted business by and through authorized distributors domiciled in and operating out of the State of New York.

19.    That on and prior to March 3, 2020, NORTON SG D/B/A NORTON SAINT GOBAIN designed, manufactured, marketed, advertised, and sold the aforesaid Metal Right Cut Wheel under the brand name "NORTON SAINT GOBAIN."

20.    That at all times hereinafter mentioned, defendant NORTON SG conducted business under the name "NORTON SAINT GOBAIN," distributing the aforesaid Metal Right Cut Wheel for consumer and commercial use as a cutting wheel attachment on electric power tools known as "angle grinders," under the name "NORTON SAINT GOBAIN."

21.    That on and prior to March 3, 2020, defendant NORTON SG had a wholly owned subsidiary which conducted business under the name "NORTON SAINT GOBAIN."

22.    That on and prior to March 3, 2020, defendant NORTON SG, both individually and by and through its subsidiary, NORTON SAINT GOBAIN designed the aforesaid Metal Right Cut Wheel for manufacture and use by consumers and for industrial use as a cutting wheel attachment on electric

power tools known as "angle grinders," under the name "NORTON SAINT GOBAIN."

23.     That on or about March 3, 2020, plaintiff sustained serious and permanent injuries in an accident as a result of the malfunction of the aforesaid Metal Right Cut Wheel.

24.     That plaintiff's aforesaid accident and injuries occurred solely as the result of the negligence, recklessness, and carelessness of the Defendants in the manufacture, design, distribution and sale of the aforesaid Metal Right Cut Wheel, and not as a result of any negligence or lack of care on the part of the Plaintiff herein.

25.     That this action falls within one or more exceptions to the applicability of CPLR 1601.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

26.     Plaintiff repeats and reiterate each and every allegation contained in paragraphs of the Amended Complaint and Jury Demand "1" through "25" as if fully set forth herein.

27.     That at the time of the aforesaid accident, the aforesaid Metal Right Cut Wheel was defective, dangerous, and not reasonably safe for its intended use.

28.     That the foregoing accident and resulting injuries to plaintiff were caused by reason of the carelessness and negligence of the defendant, in the design, manufacture, distribution, and sale of the aforementioned Metal Right Cut Wheel, including negligent failure to warn of dangers associated therewith.

29.     That the foregoing accident and resulting injuries to plaintiff were caused by reason of the carelessness and negligence of the defendant, in the design, manufacture, distribution and sale of the aforementioned Metal Right Cut Wheel, including negligent failure to warn of dangers associated therewith.

30.     That the foregoing accident and resulting injuries to plaintiff were caused by reason of the carelessness and negligence of the defendant, in the design, manufacture, distribution and sale

4

of the aforementioned Metal Right Cut Wheel, including negligent failure to properly warn of the RPM capacity of the product.

31.     That by reason of the foregoing, plaintiff sustained and will continue to sustain in the future severe, serious and permanent personal injuries causing permanent pain and suffering, disfigurement and loss of income and were and will be required to expend sums of money for medical care.

32.     That prior to the plaintiff's injury herein, defendants were aware of the defective and dangerous design and condition of the aforesaid Metal Right Cut Wheel.

33.     That as the sole and direct result of the foregoing, Plaintiff has sustained damages in an amount exceeding the jurisdictional limits of all lower courts and is entitled to compensatory and punitive damages.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

34.     Plaintiff repeats and realleges all allegations set forth in paragraphs numbered "1" through and including "32" above, as if fully set forth herein.

35.     That the defendant, assumed a strict liability to all persons to whom it could reasonably foresee would be injured by the said dangerous and defective condition of the said Metal Right Cut Wheel, which was not fit for the purpose intended.

36.     That at all times hereinafter mentioned and sometime prior to March 3, 2020 the aforesaid Metal Right Cut Wheel, its parts and components were defectively prepared, manufactured, designed, tested, assembled, constructed, distributed, and sold by defendant, as aforesaid, and the product was not reasonably safe for the use intended nor for any foreseeable use.

37.     That the plaintiff exercised reasonable care in the use of said Metal Right Cut Wheel, and with the parts and components thereof, and were not aware of the defects with respect to the

design, manufacture, assembly, construction and maintenance of same nor did they perceive any danger.

38.     That the Plaintiff exercised reasonable care in the use of the aforesaid product with its parts and components and used it for the purpose and in the manner for which it was intended.

39.     That at all times hereinafter mentioned, the Plaintiff was covered by and included in the aforesaid strict liability assumed by the defendants.

40.     That the defective design, testing, manufacture, distribution, and sale of the aforesaid product, was a substantial factor in bringing about the injuries to the plaintiff.

41.     That as the sole and direct result of the foregoing, Plaintiff has sustained damages in an amount exceeding the jurisdictional limits of all lower courts and is entitled to compensatory and punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION

42.     Plaintiff repeats and realleges all allegations set forth in paragraphs numbered "1" through and including "40" above, as if fully set forth herein.

43.     That upon information and belief, defendants were engaged in the business of designing, planning, assembling, testing, inspecting, manufacturing, selling, and distributing the aforesaid Metal Right Cut Wheel.

44.     That upon information and belief the defendants expressly warranted that the aforesaid Metal Right Cut Wheel was of merchantable quality and fit, suitable and safe for the purpose intended.

45.     That the plaintiff relied on said warranties of the defendant, based upon its skill and judgment.

46.     That the express warranties of the defendants with regard to the aforesaid Metal Right Cut Wheel were violated and breached in that the product was not fit for the purpose for which it was to be used and not of merchantable quality.

47.     That defendants, jointly and severally, did breach the aforesaid warranties and, as a result of defendants' breach, plaintiff sustained and will continue to sustain in the future severe, serious and permanent personal injuries causing permanent pain and suffering, disfigurement and loss of income and were and will be required to expend sums of money for medical care.

48.     That as the sole and direct result of the foregoing, Plaintiff has sustained damages in an amount exceeding the jurisdictional limits of all lower courts and is entitled to compensatory and punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

49.     Plaintiff repeats and realleges all allegations set forth in paragraphs numbered "1" through and including "47" above, as if fully set forth herein.

50.     That upon information and belief, defendants were engaged in the business of designing, planning, assembling, testing, inspecting, manufacturing, selling, and distributing the aforesaid Metal Right Cut Wheel.

51.     That upon information and belief the defendants impliedly warranted that the aforesaid Metal Right Cut Wheel was of merchantable quality and fit, suitable and safe for the purpose intended.

52.     That the plaintiff relied on said warranties of the defendants, based upon its skill and judgment.

53.     That the implied warranties of the defendants with regard to the aforesaid Metal Right Cut Wheel were violated and breached in that the product was not fit for the purpose for which it

7

was to be used, and not of merchantable quality.

54.     That defendants did breach the aforesaid warranties and, as a result of defendant's breach, plaintiff sustained and will continue to sustain in the future severe, serious and permanent personal injuries causing permanent pain and suffering, disfigurement and loss of income and were and will be required to expend sums of money for medical care.

55.     That as the sole and direct result of the foregoing, Plaintiff has sustained damages in an amount exceeding the jurisdictional limits of all lower courts and is entitled to compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment along with costs, disbursements and attorney fees as follows:

(1)     Upon each of the foregoing Causes of Action One through and including Four, for compensatory, and punitive damages, in an amount exceeding the jurisdictional limits of all lower courts, and demands recovery from the defendants therefor;  and for

(2)     Prejudgment and post-judgment interest;

together with such other and further relief as the court may deem just and proper.

DATED:      Purchase, New York
            November 19, 2020

                                Yours, etc.,


                                *Luis F. Ras*
                                _____
                                Luis F. Ras, Esq.
                                RAS ASSOCIATES, PLLC
                                Attorneys for Plaintiff
                                2500 Westchester Avenue, Suite 410
                                Purchase, New York 10577
                                (914) 289-2909